| | | |
|---|---|---|
| THEODORE MACON CARRINGTON, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| JUDGE RICHARD E. MYERS II and U.S. DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| Defendants. | ) | |

On July 21, 2025, Theodore Macon Carrington, Jr. ("Carrington" or "plaintiff"), a civilly committed person proceeding pro se, filed this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. The court grants Carrington's application to proceed in forma pauperis [D.E. 2]. As explained below, the court dismisses the action.

I.

When a litigant seeks leave to proceed in forma pauperis, the court shall dismiss the case if the court determines that the action is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (cleaned up).

The standard used to evaluate the sufficiency of a pleading is flexible, and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Seabrook v. Driscoll, 148 F.4th 264, 269–70 (4th Cir. 2025); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Carrington is civilly committed to the custody of the Attorney General under 18 U.S.C. § 4246. See Order at 2–3, United States v. Carrington, No. 5:22-HC-2093 (E.D.N.C. Mar. 20, 2023), [D.E. 23]. Citing Bivens, Carrington names as defendants Chief United States District Judge Richard E. Myers II and the United States Department of Justice. See [D.E. 1] 2–3. Carrington alleges Judge Myers violated the Whistleblower's Protection Act by "covering up the biggest illegal election power grab in U.S. History." Id. at 4. Carrington alleges "[i]n his earliest communication with Judge [Myers], [Carrington] told him that [Carrington] was acting as an Election Security Consultant reporting to Senator Ron Johnson's Whistleblower email address during the 2020 Election." Id. at 4–5. Carrington alleges he "told [Judge Myers] that [Carrington] was poisoned when [Carrington] reported that 2 men not employed by the U.S. Government put all Election Security Issues under Cybercommand at DHS just 2 months prior to the 2020 presidential election." Id. at 5. Carrington alleges Judge Myers "covered up this heinous crime." Id.

Carrington also alleges Judge Myers covered up reports that "Richard Wackenhut is the world[']s Largest Narcotics Dealer through his G45 corporation, and that Virtual Reality Goggles

2

emit high levels of radiation that destroy the eyes." Id. at 6. Carrington alleges he "sent the details of these reports to Judge [Myers], and asked him to contact the DOJ, and Robert F. Kennedy Jr[.] at DHS with the revelations of these horrible crimes." Id. Carrington alleges Judge Myers "chose to cover up these crimes, even though Richard Wackenhut's G45 corporation is a defense contractor and his Narcotics trafficking presents a very clear danger to U.S." Id.

Lastly, Carrington alleges he "provided evidence of fraud committed against [him] by ADA Genna Petre in a February 2025 filing and a letter to Judge [Myers]." Id. at 7. Carrington alleges on March 4, 2025, "Judge [Myers] filed an order denying [his] ability to report this felony, stating that [Carrington] could only raise the issue through [his] attorneys." Id. Carrington alleges "[i]t is [his] right to report a felonious crime [him]self, and Judge [Myers] broke the law by ignoring the evidence." Id. Carrington alleges Judge Myers "is guilty of covering up Election Faud, Narco-Trafficking, the Destruction of Children's Eyes, and Fraud committed by ADA Genna Petre." Id. Carrington seeks "$5 billion in damages from the U.S. DOJ, and $3.5 billion from Judge Richard [Myers] to also include his arrest and [Carrington's] release from prison." Id. at 8.

Carrington cannot assert Bivens claims against any defendant for the acts alleged in his complaint. See, e.g., Egbert v. Boule, 596 U.S. 482, 498 (2022); Hernandez v. Mesa, 589 U.S. 93, 102 (2020); Ziglar v. Abbasi, 582 U.S. 120, 130–46 (2017); Orellana v. Godec, 145 F.4th 516, 522–527 (4th Cir. 2025); Earle v. Shreves, 990 F.3d 774, 780 (4th Cir. 2021); Carrington v. Scarantino, No. 5:22-CT-3353, 2023 WL 6368320, at *4–5 (E.D.N.C. Sept. 28, 2023) (unpublished), appeal dismissed, No. 23-7060, 2024 WL 1734104 (4th Cir. Jan. 10, 2024) (mem.). Moreover, Judge Myers is absolutely immune from suit, including for acts that are alleged to have been done maliciously or corruptly. See, e.g., Stump v. Sparkman, 435 U.S. 349, 355–57 (1978);

3

Pierson v. Ray, 386 U.S. 547, 553–54 (1967); Gibson v. Goldston, 85 F.4th 218, 223 (4th Cir. 2023). Likewise, Carrington cannot maintain a Bivens claim against the United States Department of Justice because "the logic of Bivens itself does not support" extending Bivens from federal agents to federal agencies. FDIC v. Meyer, 510 U.S. 471, 473 (1994); see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71–72 (2001); Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996); Garner v. Supreme Ct. of U.S., No. 3:11-2702, 2011 WL 7790900, at *3 (D.S.C. Dec. 16, 2011) (unpublished), report and recommendation adopted, 2012 WL 1570053 (D.S.C. May 2, 2012) (unpublished), aff'd, 474 F. App'x 387 (4th Cir. 2012) (per curiam) (unpublished). Thus, the court dismisses the complaint for failure to state a claim.

To the extent Carrington requests that criminal charges be filed, "the United States and its attorneys have the sole power to prosecute criminal cases in the federal courts," and private citizens cannot petition federal courts to compel the criminal prosecution of another person. Maine v. Taylor, 477 U.S. 131, 136 (1986); see Leeke v. Timmerman, 454 U.S. 83, 86–87 (1981) (per curiam); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Thus, the court denies as meritless Carrington's request.

To the extent that Carrington challenges his commitment to the custody of the United States Attorney General under 18 U.S.C. § 4246, Carrington "must pursue such challenges in that case or via a petition for habeas corpus under 28 U.S.C. § 2241 after fully exhausting his administrative remedies." Nagy v. Schaefer, No. 5:02-CT-230, 2002 WL 32509021, at *1 (E.D.N.C. June 4, 2002) (unpublished), appeal dismissed, 46 F. App'x 166 (4th Cir. 2002) (per curiam) (unpublished); see also Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010); Bussie v. Psych. Hellschulp, No. 5:18-HC-2048, 2018 WL 9801613, at *2 (E.D.N.C. Sept. 7, 2018) (unpublished), aff'd, 755 F. App'x 299 (4th Cir. 2019) (per curiam) (unpublished); Bussie v. United States, No.

4

5:15-HC-2149, 2015 WL 12910636, at *2 (E.D.N.C. Nov. 3, 2015) (unpublished). Thus, the court dismisses the action without prejudice.

## II.

In sum, the court GRANTS plaintiff's application to proceed in forma pauperis [D.E. 2] and DISMISSES WITHOUT PREJUDICE the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk shall close the case.

SO ORDERED. This 24 day of April, 2026.

JAMES C. DEVER III
United States District Judge

5